# United States Court of Appeals for the Fifth Circuit

No. 20-20632
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 16, 2021

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JUAN ANTONIO CONTRERAS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:90-CR-226-1

Before KING, COSTA, and HO, *Circuit Judges.*

PER CURIAM:*

Juan Antonio Contreras is serving a number of sentences totaling 61 years arising out of his conspiring to kill a woman to prevent her from testifying that he had sexually assaulted her. He appeals an order denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Our

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-20632

review is for abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). "[A] court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence." *Id.* (internal quotation marks and citation omitted).

In ruling on a prisoner-filed motion for compassionate release, the district court must consider whether there are extraordinary and compelling circumstances warranting a reduction and whether a reduction would be consistent with the statutory sentencing factors of 18 U.S.C. § 3553(a). *See United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021).

The district court determined that Contreras's medical conditions, although serious and worsening, did not present an extraordinary and compelling reason for early release. Contreras asserts that: he is at increased risk from the COVID-19 virus because he has type-2 diabetes; the district court applied the incorrect legal standard in denying relief; and the district court's assessment of his medical conditions was clearly erroneous and, therefore, an abuse of discretion. We need not reach these arguments because Contreras has not shown that the district court abused its discretion in balancing the statutory sentencing factors. *See Chambliss*, 948 F.3d at 693-94.

In arguing that the district court abused its discretion in balancing the statutory sentencing factors, Contreras asserts that the district court should have given more weight to his expression of remorse and acceptance of responsibility and that continued detention will not deter further criminal conduct. He contends that the district court disregarded his viable release plan.

The district court recognized that there were factors that weighed in favor of early release. It concluded, however, that those factors were greatly outweighed by factors supportive of continued detention, including the

No. 20-20632

nature and circumstances of the offenses; the need for the sentence to reflect the seriousness of the offenses, to promote respect for the law, and to provide just punishment; the need for deterrence and avoid sentencing disparities; Contreras's history and characteristics; and Contreras's failure to timely accept responsibility for his criminal conduct.

Contreras has not shown an abuse of discretion. *See Chambliss*, 948 F.3d at 693. His disagreement with the magistrate judge's balancing of the statutory sentencing factors does not provide a basis for reversal. *Id.* at 694. The district court's order is AFFIRMED.